UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FIRST TENNESSEE BANK NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>SERVICE FOODS, INC., SERVICE FOODS SOUTHERN DIVISION, LLC, H-SON FINANCIAL, INC., HAROLD T. POUNDERS and KEITH KANTOR,<br><br>Defendants. | CIVIL ACTION NO.<br><br>1:15-CV-2940-CAP |

## O R D E R

This matter is before the court on two of the special master's the reports and recommendations [Doc. Nos. 332, 333], which the court will refer to as "R&R 332" [Doc. No 332] and "R&R 333" [Doc. No. 333].

I. R&R 332

No objections have been filed as to R&R 332. After carefully considering R&R 332 and finding no error, the court receives it with approval and adopts R&R 332 [Doc. No. 332] as the opinion of this court.

II. R&R 333

As to R&R 333, non-party Michael Cohen has filed a limited objection and request for in camera hearing [Doc. No. 354]. R&R 333 makes a

recommendation on the plaintiff's motion to compel Cohen to answer questions in a continued deposition [Doc. No. 234]. Throughout his initial deposition, Cohen refused to answer questions, claiming the Fifth Amendment privilege against self-incrimination. The special master conducted an in camera hearing with Cohen and his counsel pursuant to the procedures articulated in *United States v. Goodwin*, 625 F.2d 693 (5th Cir. 1980), to determine if Cohen properly claimed the privilege. He then found that Cohen did not establish a reasonable fear of incrimination to justify his Fifth Amendment invocations, and recommended that the court grant the plaintiff's motion to compel [Doc. No. 234]. Cohen now objects to R&R 333 and requests an in camera hearing with this court.

A. Standard

Generally, the court must review a special master's R&R de novo if a party has filed objections. Fed. R. Civ. P. 53(f)(3). The federal rules also state that the court must give the parties "an opportunity to be heard" when ruling on a special master's R&R. Fed. R. Civ. P. 53(f)(1). However, the advisory committee's notes clarify that this requirement "can be satisfied by taking written submissions when the court acts on the report without taking live testimony." Fed. R. Civ. P. 53 advisory committee's note. Accordingly,

the court may rule on R&R 333 on the pleadings and without conducting a hearing.

As to Cohen's privilege claim, the Fifth Amendment to the United States Constitution affords individuals the privilege against self-incrimination: "No person shall be . . . compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The privilege "applies alike to civil and criminal proceedings, wherever the answer might tend to subject to criminal responsibility him who gives it." *McCarthy v. Arndstein*, 266 U.S. 34, 40 (1924). A witness cannot establish the privilege based on bald assertions or "hypothetical offerings." *Goodwin*, 625 F.2d at 700–01. He must provide enough information to show "real possibilities" that his answer could form the basis for criminal liability. *Id.* at 701.

Under *Goodwin*, a court "must make a proper inquiry into the legitimacy and scope of the witness' assertion of his Fifth Amendment privilege." *Id.* at 701. When a court "conducts an in camera hearing into the witness' Fifth Amendment privilege it must make 'a particularized inquiry, deciding, in connection with each specific area that the questioning party wishes to explore, whether or not the privilege is well-founded.'" *Id.* (quoting *United States v. Melchor Moreno*, 536 F.2d 1042, 1049 (5th Cir. 1976)). Ultimately, the court must determine whether the person invoking the

3

privilege has a "reasonable cause to apprehend danger from a direct answer." *Hoffman v. United States*, 341 U.S. 479, 486 (1951).

B.  Discussion

Although R&R 333 makes findings on Cohen's Fifth Amendment assertion on 19 different categories of questions, Cohen does not specify which of these findings he is objecting to. Cohen merely states that his objection "is limited in scope," and that he "does not object to the vast majority of the Special Master's findings" [Doc. No. 354 at 3]. He instead points out that after R&R 333 was issued, Cohen and others associated with Service Foods—a defendant in this action[1]—were subpoenaed and questioned by the United States Postal Service and the Federal Bureau of Investigation. And R&R 333 notes that, at the time, "Cohen has not been questioned by any criminal authorities in connection with his involvement in Service Foods." R&R 333 at 13. Cohen argues that the special master therefore relied on that fact to make his findings and, because he has now been questioned by criminal authorities, some "limited" but unspecified portion of the special

---

[1] The plaintiff brought a claim for enforcement of guaranty agreement against Service Foods, which was also allegedly used by defendants Kantor and Pounders to conduct fraud and conversion. Service Foods has not filed any pleadings or participated in this case, and the clerk issued an entry of default against it on October 27, 2015.

master's findings should be modified or rejected. Cohen then asks the court to conduct its own in camera review pursuant to *Goodwin*.

Cohen's objections are not persuasive. First, although the special master noted that Cohen had not then been questioned by criminal authorities, his conclusion did not rely on that fact. Rather, the special master concluded that Cohen did not have a reasonable fear of incrimination from the questions "[i]n light of Cohen's role in Service Foods,[2] the lack of specific allegations of misconduct against Cohen, and the absence of facts demonstrating reasonable probability of Cohen's criminal liability." R&R 333 at 39. Second, the court agrees with the special master's findings. The transcript of Cohen's in camera hearing shows that Cohen did not provide facts that support a reasonable fear of incrimination. He generally based his invocation of the privilege on bald conclusions and remote speculations. Finally, the court finds that Cohen's failure to do so is not altered by the subsequent grand jury subpoena and questioning on July 10, 2017. Cohen does not say that charges have since been filed against him, or otherwise identify any basis for the court to find that he can now—as opposed to at his previous in camera hearing—provide a factual basis for fear of incrimination.

---

[2] Cohen was not involved in the accounting side of operations or in the presentation of the receivable made to the plaintiff, and instead served as a marketing consultant. R&R 333 at 11.

Accordingly, the court finds that its review of the in camera hearing transcript and the record is sufficient to satisfy *Goodwin*. That is, the court has conducted a "proper inquiry into the legitimacy and scope of the witness' assertion of his Fifth Amendment privilege." *Goodwin,* 625 F.2d at 701. Cohen's objection is DISMISSED, and his request for an in camera hearing is DENIED.

III. Conclusion

Accordingly, the court receives the special master's reports and recommendations [Doc. Nos. 332, 333] with approval and **ADOPTS** them as the opinions of this court.

**SO ORDERED** this 7th day of February, 2018.

/s/CHARLES A. PANNELL, JR.
CHARLES A. PANNELL, JR.
United States District Judge